{¶ 22} I respectfully dissent from the majority opinion. I agree with the overall sentiment that claiming that a person who is under age "looks older" is not sufficient. We hear this more often than we care to admit. I also realize that this is a terrible situation and appellant is the architect of her own self-destruction. Yet, this case strikes me as different. I say this not because the appellant is a woman, but because the facts are different than those we customarily see, those where the suspect argues to no avail that the victim looked, acted, and seemed older.
 {¶ 23} Here, the appellant was socializing with two boys. One was sixteen years old and the victim was fifteen years old and two months shy of his sixteenth birthday. It goes without saying that had the victim been sixteen years old, this charge would not have materialized.
 {¶ 24} As the majority opinion points out, "she knew Steven was only sixteen." The majority opines that knowing Steven was sixteen years old was good reason for her to believe or expect that the victim was under sixteen. I disagree. I think knowing Steven was sixteen years old was good reason for her to believe or expect that the victim was sixteen as well.
 {¶ 25} The majority opinion makes it certain that these cases are not strictly liability but are those that require the recklessness standard. Thus, the facts overall must be weighed in view of recklessness. I think she was reckless in many things she did that night, but the manifest weight of the evidence on the age question tips in her favor.